IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ORLANDO FERNANDEZ-LEYVA,   )
                           )
        Petitioner,        )
                           )
v.                         )        Civil Action No. 3:13cv42-WKW
                           )                 (WO)
UNITED STATES OF AMERICA,  )
                           )
        Respondent.        )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by Orlando Fernandez-Leyva

("Fernandez-Leyva") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## I.  INTRODUCTION

On June 3, 2011, a jury found Fernandez-Leyva guilty of possession of marijuana with

intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Following a sentencing hearing on

October 4, 2011, the district court sentenced him to 60 months' imprisonment and 10 years'

supervised release.  Fernandez-Leyva appealed to the Eleventh Circuit, which affirmed his

conviction and sentence on June 28, 2012.[1]  *See United States v. Fernandez-Leyva*, 482 Fed.

App'x 417 (11th Cir. 2012).

On January 14, 2013, Fernandez-Leyva filed this § 2255 motion asserting:

1.      His 60-month sentence of imprisonment was based on facts not

---

[1] On appeal, Fernandez-Leyva argued (i) the evidence was insufficient to support his conviction, and
(ii) the district court violated his Sixth Amendment Confrontation Clause rights by limiting
cross-examination as to a Government witness's prior convictions.

proved to the jury beyond a reasonable doubt.

2.     His 10-year term of supervised release exceeded the authorized statutory maximum and was an unwarranted upward departure under the Sentencing Guidelines.

3.     The imposition of 235 days of pretrial home detention constituted "official detention" for which he should receive credit against his term of imprisonment.

4.     His counsel rendered ineffective assistance by (a) failing to challenge the district court's imposition of a sentence of imprisonment in excess of that authorized by the jury's verdict and (b) failing to argue his 10-year term of supervised release exceeded the authorized statutory maximum and was an unwarranted upward departure under the Sentencing Guidelines.

Doc. No. 1 at 4-8; Doc. No. 1-1 at 2-14.[2]

After consideration of Fernandez-Leyva's § 2255 motion, the submissions supporting and opposing the motion, and the record, the court concludes that an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion should be denied.

## II.  DISCUSSION

### A.     General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is

---

[2] Document numbers ("Doc. No.") are those assigned by the Clerk in the instant civil action or, where indicated in the underlying criminal case, Case No. 3:10cr146-WKW.  All page references are to those assigned by CM/ECF.  The claims in Fernandez-Leyva's motion overlap and are repetitive in places.  For organizational and analytical purposes, the court has recast some of his claims in a more appropriate presentation.

entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations omitted).

## B.    Substantive Claims Not Raised on Direct Appeal

In his § 2255 motion, Fernandez-Leyva raises several substantive claims not raised on direct appeal. *See* Doc. No. 1 at 5-8; Doc. No. 1-1 at 1-2, 7-14. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A petitioner can avoid this procedural bar by showing both cause for failing to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055.

Fernandez-Leyva does not specifically assert cause for his failure to raise his substantive claims on appeal. However, two of his substantive claims – that his sentence of

3

imprisonment was based on facts not proved to the jury and that his 10-year term of supervised release exceeded the statutory maximum and was an unwarranted upward departure under the Sentencing Guidelines – underlie, and are inextricably linked with, the allegations of ineffective assistance of counsel set forth in his § 2255 motion. *See* Doc. No. 1 at 4-7; Doc. No. 1-1 at 1-2, 4-8, 10-14.  Meritorious allegations of ineffective assistance of counsel may satisfy the cause exception to a procedural bar.  *See Greene*, 880 F.2d at 1305.  Under these circumstances, the court will review Fernandez-Leyva's claims that his sentence was based on facts not proved to the jury and his term of supervised release exceeded the statutory maximum and improperly departed from the Sentencing Guidelines in the context of his claims of ineffective assistance of counsel, which are discussed below in this Recommendation.[3]

<u>Credit for Pretrial Home Detention</u>

Fernandez-Leyva also argues that imposition of pretrial home detention for a total of 235 days constituted "official detention" under 18 U.S.C. § 3585(b)[4] for which he should

---

[3] Fernandez-Leyva's claim that his 10-year term of supervised release exceeded the authorized statutory maximum is, in any event, not subject to the procedural bar, as it implicates the sentencing court's jurisdiction.  *See United States v. Neely*, 979 F.2d 1522. 1524 (11th Cir. 1992).

[4] Title 18 U.S.C. § 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested

(continued...)

4

receive credit against his term of imprisonment.  *See* Doc. No. 1 at 8; Doc. No. 1-1 at 3, 10.
This claim was not raised on direct appeal and is not presented in Fernandez-Leyva's § 2255
motion in terms of ineffective assistance of counsel.  Fernandez-Leyva asserts no cause for
his failure to raise this claim on direct appeal.  Thus, assuming – without so finding – this
claim is of the sort that may be presented in a § 2255 motion, it is procedurally barred.[5]  In
any case, Fernandez-Leyva's argument is squarely foreclosed by *Reno v. Koray*, 515 U.S. 50
(1995), where the Supreme Court held that "credit for time spent in 'official detention' under
[18 U.S.C.] § 3585(b) is available only to those defendants who were detained in a 'penal or
correctional facility,' [18 U.S.C.] § 3621(b), and who were subject to [the] BOP's control."
515 U.S. at 58.  Fernandez-Leyva was not detained in a penal or correctional facility or
subject to the control of the BOP during his pretrial home detention.  Therefore, under *Koray*,
his pretrial home detention did not constitute "official detention" within the meaning of 18
U.S.C. § 3585(b) and he is not entitled to the sentencing credit he seeks.  *See Rodriguez v.
Lamer*, 60 F.3d 745, 747-48 (11th Cir. 1995) (following *Koray* and holding time spent under

---

(...continued)

> after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

[5] A claim seeking credit for pretrial detention against a sentence of imprisonment is properly raised
in a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed in the district of confinement rather than
in the sentencing court.  *See, e.g. United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989).  Fernandez-
Leyva is incarcerated at CI McRae, in McRae, Georgia.  Therefore, this court lacks jurisdiction to rule on
his claim.

5

house arrest is not "official detention" under § 3585(b)).

## C.  Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The

prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."  *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.  *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal.  *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker....  Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

### 1.      Failure to Challenge Sentence in Excess of That Authorized by Jury's Verdict

Fernandez-Leyva contends his counsel rendered ineffective assistance by failing to challenge the district court's imposition of a sentence of imprisonment in excess of that authorized by the jury's verdict.[6]  *See* Doc. No. 1 at 4-7; Doc. No. 1-1 at 2, 4-8, 10-14.

In this regard, Fernandez-Leyva seems to argue that his counsel should have urged the sentencing court, in determining his guidelines sentencing range, to hold him responsible for only the amount of drugs – less than 50 kilograms of marijuana – that the jury, by its verdict, found him guilty of distributing.  *Id*.  Instead, the court attributed to Fernandez-Leyva as relevant conduct the full 2,685 pounds (1,217 kilograms) of marijuana seized from the tractor-trailer truck he was driving (unaccompanied) when arrested.  *See* U.S.S.G. §1B1.3 (providing that the district court must consider "relevant conduct" when calculating a defendant's base offense level, including "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant ....").  Under U.S.S.G. § 2D1.1(c)(4), offenses involving at least 1,000 but less than 3,000 kilograms of marijuana are assigned a base offense level of 32, which was the level assigned to Fernandez-Leyva.[7]  However, Fernandez-Leyva maintains he should have been assigned a base offense

---

[6] Although Fernandez-Leyva asserts that trial counsel and appellate counsel were ineffective, he presents no specific accusations of deficient performance against appellate counsel.

[7] Fernandez-Leyva's total offense level was also 32.  This total offense level combined with his criminal history category of I to yield a guidelines sentencing range of 121-151 months.  However, the statutory maximum for his offense under 21 U.S.C. § 841(B)(1)(D) was five years' (60 months) imprisonment, which was the sentenced imposed by the district court.

level of only 20, which is the base offense level for offenses involving between 40 and 60 kilograms of marijuana, *see* U.S.S.G. § 2D1.1(c)(10), because the jury found him guilty of distributing less than 50 kilograms of marijuana.

Notwithstanding Fernandez-Leyva's claim, his counsel presented this very argument to the district court, which rejected it. Counsel filed objections to the presentence investigation report's ("PSI") attribution of the full 2,685 pounds of marijuana to Fernandez-Leyva and then argued vigorously, but unsuccessfully, at the sentencing hearing that only the drug quantity found by the jury in its verdict should be attributed to Fernandez-Leyva in determining his base offense level. *See* PSI at pp. 15-16; Case No. 3:10cr146-WKW, Doc. No. 139 at 6-8. The court rejected the argument, finding that the jury's verdict reflected Fernandez-Leyva knew he was hauling marijuana in his truck, that the undisputed evidence established he was hauling 2,685 pounds of marijuana, that there was overwhelming circumstantial evidence indicating he was at best merely "deliberately ignorant" of the amount of marijuana, and that the court could still consider relevant conduct of which the defendant was acquitted if the Government proved the conduct by a preponderance of the evidence, as it had in Fernandez-Leyva's case.[8] Case No. 3:10cr146-WKW, Doc. No. 139 at 9-13. *See, e.g., United States v. Alvarez-Coria*, 447 F.3d 1340, 1344 (11th Cir. 2006) (citations omitted) ("[T]his Court has 'consistently recognized deliberate ignorance of criminal activity as the equivalent of knowledge.'"); *United States v. Stewart*, 206 Fed.

---

[8] As the district court noted at the sentencing hearing, "[t]he jury gave the defendant a break in this case." Case No. 3:10cr146-WKW, Doc. No. 139 at 27.

9

App'x 924, 927 (11th Cir. 2006) ("Relevant conduct can include conduct for which the defendant was acquitted so long as the government proves the conduct by preponderance of the evidence.").

Because counsel vigorously argued that only the drug quantity found by the jury in its verdict should be attributed to Fernandez-Leyva in determining his base offense level, and because the attribution of the full 2,685 pounds of marijuana to Fernandez-Leyva as relevant conduct was fully supported by the evidence, Fernandez-Leyva cannot show that his counsel's actions here were professionally unreasonable or that he was prejudiced because of counsel's actions. *Strickland*, 466 U.S. at 689 & 694. His claim of ineffective assistance of counsel lacks merit, and he is not entitled to any relief based on this issue.

Fernandez-Leyva also suggests his counsel should have argued for a "downward departure" based on the disparity in drug quantities under the jury's verdict and under his relevant conduct as found by the court. *See* Doc. No. 1 at 4; Doc. No. 1-1 at 4-5. However, this disparity would not support a motion for downward departure. As noted, counsel did argue that Fernandez-Leyva's base offense level should be determined by the drug quantity reflected in the jury's verdict and not by the total amount of marijuana attributed to him as relevant conduct. The court rejected this argument. Counsel was not ineffective for failing to frame his argument as one for a "downward departure" when there was no legal basis for a departure on this ground. Counsel cannot be ineffective for failing to raise a claim that would fail. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v.*

*Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  This claim does not entitle Fernandez-Leyva to any relief.

### 2.    *Failure to Challenge Term of Supervised Release*

Fernandez-Leyva next contends his counsel rendered ineffective assistance by failing to argue that the 10-year term of supervised release imposed by the district court exceeded the authorized statutory maximum and was an unwarranted upward departure under the Sentencing Guidelines.  *See* Doc. No. 1 at 4 & 7; Doc. No. 1-1 at 1-2, 5-9.

Turning to the statutory argument first, Fernandez-Leyva maintains that 18 U.S.C. § 3561(c)(1) creates a maximum term of supervised release of five years.  That statute, however, applies to sentences of *probation* for certain felony offenses where the defendant is not also sentenced to a term of imprisonment.  *See* 18 U.S.C. § 3561(a)(1)-(3) & (c)(1). Clearly, then, the statute is inapplicable to Fernandez-Leyva's term of supervised release.

As the Government recognizes (Doc. No. 10 at 10-11), the central question presented is whether 18 U.S.C. § 3583(b)(2), which states that "[e]xcept as otherwise provided," the term of supervised release for a "Class D felony" may be "not more than three years," provides the term of supervised release applicable to Fernandez-Leyva's conviction for violating 21 U.S.C. § 841(a)(1), a Class D felony.[9]  *See* 18 U.S.C. § 3583(b)(2); 21 U.S.C. § 841(b)(1)(D).  The Government answers this question in the affirmative and maintains Fernandez-Leyva's term of supervised release therefore exceeds the authorized statutory

---

[9] A Class D felony is a felony for which the "maximum term of imprisonment authorized" is "less than ten years but five or more years."  18 U.S.C. § 3559(a)(4).

maximum. The court disagrees, and finds that § 3583(b)(2) yields to 21 U.S.C. § 841(b)(1)(D), which prescribes a mandatory *minimum* statutory term of supervised release of two years (for persons not previously convicted of a drug felony), but does not set forth any maximum statutory term of supervised release. *See* 21 U.S.C. § 841(b)(1)(D).

The Eleventh Circuit and the majority of circuits to have considered this issue have held that for defendants – like Fernandez-Leyva – convicted of drug offenses under 21 U.S.C. § 841(a) and subject to the penalties described in 21 U.S.C. § 841(b), the supervised-release terms prescribed in § 841(b) take precedence over the provisions of 18 U.S.C. § 3583(b), so that while § 841(b)(1)(D) requires a minimum term of supervised release of "at least 2 years," the three-year maximum term for Class D felonies in § 3583(b)(2) is inapplicable to drug offenders like Fernandez-Leyva. *See, e.g., United States v. Sanchez*, 269 F.3d 1250, 1286-88 (11th Cir. 2001) (en banc), abrogated on other grounds, *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005); *United States v. Cortes-Claudio*, 312 F.3d 17, 20-23 (1st Cir. 2002); *United States v. Sanchez-Gonzalez*, 294 F.3d 563, 565-67 (3rd Cir. 2002); *United States v. Kurkowski*, 281 F.3d 699, 703 (8th Cir. 2002); *United States v. Sua*, 307 F.3d 1150, 1154 (9th Cir. 2002); *United States v. Shorty*, 159 F.3d 312, 315 n.6 (7th Cir. 1998); *United States v. Page*, 131 F.3d 1173, 1178 (6th Cir. 1998), abrogated on other grounds, *Johnson v. United States*, 529 U.S. 694, 700 (2000); *United States v. Orozco-Rodriguez*, 60 F.3d 705, 707-08 (10th Cir. 1995); *United States v. Eng*, 14 F.3d 165, 172-73 (2d Cir. 1994).

12

As the First Circuit reasoned in *Cortes-Claudio*, *supra*:

> The language of § 3583(b), as well as of § 841, supports the conclusion that penalties for drug offenses within the latter should be imposed with direct reference to § 841(b), not § 3583(b). Section 3583(b) itself begins with the phrase "[e]xcept as otherwise provided." This proviso indicates that § 3583(b) yields to other more specific statutes, such as § 841, that make different provisions for terms of supervised release for particular offenses. Because § 841 does "otherwise provide" supervised release terms, its provisions rather than those of § 3583(b) apply to drug offenders like Cortes-Claudio.

312 F.3d at 21 (internal citations omitted). *See Sanchez-Gonzalez*, *supra*, 294 F.3d at 566 ("The plain meaning of § 3583 is that it always yields to other statutes, such as § 841, that specifically provide terms of supervised release. Any other reading fails to give full effect to the "[e]xcept as otherwise provided" carveout in § 3583. Section 841(b) does "otherwise provide" and therefore trumps the default maximum terms of supervised release provided in 18 U.S.C. § 3583.").

In *Sanchez*, *supra*, the Eleventh Circuit stated:

> [T]he legislative history of both statutes indicates that Congress did not intend for a term of supervised release ordered pursuant to § 841(b)(1)(C) to be limited to three years. As noted by the Second Circuit when faced with the identical question, "the supervised release terms authorized by Congress for drug offenses, including section 841, were added in the same statute that amended section 3583(b) by adding the introductory phrase 'Except as otherwise provided.'" *United States v. Eng*, 14 F.3d 165, 172-73 (2d Cir. 1994) (citing the Anti-Drug Abuse Act of 1986, Pub.L. No. 99-570, § 1006, 100 Stat. 3207). As the Second Circuit concluded from this legislative history, "It is apparent that in enacting ... the Anti-Drug Abuse Act of 1986, Congress intended to enhance the penalties available to combat drug offenses. That Congress intended these penalties to override the maximums set by 18 U.S.C. § 3583(b) is clear from the fact that Congress simultaneously amended that section to add the phrase '[e]xcept as otherwise provided.'" *Id*. at 173.

13

269 F.3d at 1287.

The 10-year term of supervised release imposed against Fernandez-Leyva did not exceed the authorized statutory maximum, because the controlling statute, 21 U.S.C. § 841(b)(1)(D), does not provide a statutory maximum but rather only a statutory minimum. *See Kurkowski*, *supra*, 281 F.3d at 703 ("The statute, then, sets a mandatory minimum, but no maximum penalty, thus permitting supervised release terms from [two] years to life."); *Shorty*, *supra*, 159 F.3d at 315 n.6 (noting that the provision for the term of supervised release in § 841(b)(1) "sets a floor requirement, leaving the ceiling open, closed only by a defendant's death"). Consequently, defense counsel was not ineffective for failing to argue Fernandez-Leyva's 10-year term of supervised release exceeded the statutory maximum.

Fernandez-Leyva also contends his counsel should have argued that the 10-year term of supervised release was an unwarranted upward departure under the Sentencing Guidelines. The Sentencing Guidelines in effect when Fernandez-Leyva was sentenced provided that the term of supervised release for a defendant convicted of a Class D felony shall be "not more than three years." *See* U.S.S.G. § 5D1.2(a)(2) (2010). At sentencing, the district court specified that the 10-year term of supervised release was justified "[b]ecause you have not taken responsibility for this offense and because you have prior connections with the drug trade with your own personal use of marijuana." Case No. 3:10cr146-WKW, Doc. No. 139 at 28. Although the district court made no specific mention of an upward departure or variance in Fernandez-Leyva's sentence, the 10-year term imposed by the court represented

14

an upward departure or variance of seven years above the guidelines range in § 5D1.2(a)(2) (2010).

A departure results from the district court's application of a particular guidelines provision, and a variance refers to the selection of a sentence outside of the advisory range based upon the factors in 18 U.S.C. § 3553(a).[10] *United States v. Camacho-Reyes*, 447 Fed. App'x 77 (11th Cir. 2011). The sentencing transcript reflects that the district court did not reference any guidelines provisions, but instead specified that the 10-year term of supervised release was justified because Fernandez-Leyva had not taken responsibility for his offense and because he had prior connections with the drug trade and with his own personal use of marijuana. Case No. 3:10cr146-WKW, Doc. No. 139 at 28. Before imposing sentence, the court also referenced the seriousness of the offense, the implausibility of Fernandez-Leyva's testimony denying knowledge that he was hauling over a ton of marijuana, and the apparent "break" the jury had given him in its drug-quantity finding. *Id*. at 26-28. The court thus based the sentence on § 3553(a) factors. Therefore, although the court did not explicitly categorize it in this way, it *varied* upward when imposing the 10-year term of supervised release.

---

[10] The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. § 3553(a)(1), (3)-(7).

In challenging his counsel's performance, Fernandez-Leyva fails to show that the district court considered improper aggravating factors in varying upward. Nor does he show he could have presented persuasive evidence or arguments in opposition to the upward variance had his counsel objected on grounds there was no prior notice of the court's intent to depart or vary upward,[11] that a departure or variance was otherwise unwarranted, or that the supervised-release term was substantively unreasonable. Fernandez-Leyva's inability to prove prejudice prevents him from obtaining relief on this claim of ineffective assistance of counsel.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Fernandez-Leyva be DENIED with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 5, 2015**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

---

[11] The notice requirement associated with departures under Fed.R.Crim.P. 32(h) does not apply to variances. *Irizarry v. United States*, 553 U.S. 708, 715-16 (2008).

16

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 17th day of December, 2014.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE